David S. Grossman, WSBA #18428
Robert R. King, WSBA #29309
Minnick-Hayner
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500
E-mail:  grossman@minnickhayner.com
         robert@minnickhayner.com

Attorneys for Plaintiff Mark A. Morgan

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. MORGAN, d/b/a MORGAN INDUSTRIES PAVING AND LANDSCAPING,<br><br>                    Plaintiff,<br>     vs.<br><br>HARRY JOHNSON PLUMBING & EXCAVATION, INC., a Washington corporation; COBURN CONTRACTORS, LLC, an Alabama limited liability company, HARTFORD FIRE INSURANCE COMPANY, a Connecticut company, and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio company,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT – Page 1

**COMES NOW** Plaintiff Mark A. Morgan, dba Morgan Industries Paving and Landscaping, by and through its counsel of record, Robert R. King of Minnick Hayner, and for its complaint against Defendants Harry Johnson Plumbing & Excavation, Inc. and Coburn Contractors, LLC, Hartford Fire Insurance Company, and Nationwide Mutual Insurance Company (collectively, "Defendants") does state and allege as follows:

## JURISDICTION

1. Jurisdiction of this Court is based upon and conferred by § 3133 of Title 40 of the United States Code.

## PARTIES

2. Plaintiff Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping ("Morgan") is and at all times material hereto was and is an individual residing the State of Idaho and doing business within the State of Washington.

3. Defendant Harry Johnson Plumbing and Excavation, Inc. ("HJPE") at all times herein mentioned was and is a Washington corporation with its principal place of business in Walla Walla, Washington.

4. Defendant Coburn Contractors, LLC ("Coburn") is and at all times material hereto was an Alabama limited liability company with its principal place of

COMPLAINT – Page 2

**Minnick • Hayner**
P.O. Box 1757
Walla Walla, WA 99362
(509) 527-3500

business in Montgomery, Alabama.

5. Defendant Hartford Fire Insurance Company ("Hartford") is and at all times material hereto was a Connecticut company.

6. Defendant Nationwide Mutual Insurance Company ("Nationwide") is and at all times material hereto was an Ohio company.

7. The agreements hereinafter referred to were performed within the territorial jurisdiction of this Court.

## FIRST CAUSE OF ACTION
### (Breach of Contract – Against Coburn)

8. Morgan repeats herein by this reference Paragraphs 1 through 7, inclusive, as if said paragraphs were set forth hereat in full.

9. Morgan is informed and believes and based thereon alleges that on or about June 9, 2016, the United States of America, acting by and through the Department of Veterans Affairs, and Coburn entered into a written contract ("Prime Contract"), whereby Coburn agreed to furnish certain labor and materials and perform certain work required in connection with the replacement of the water system and work related thereto at the Jonathan M. Wainwright VA Medical Center, Walla Walla, Washington ("the Project").

10. Subsequent to the formation of the Prime Contract, Coburn and HJPE entered into an agreement ("Subcontract"), whereby HJPE agreed to provide certain

labor, materials and services to Coburn in connection with the performance of the Project in return for payment of the contract price.

11. Subsequent to the formation of the subcontract, Morgan and HJPE entered into an agreement ("Sub-Subcontract") whereby Morgan agreed to provide certain labor, materials and services to HJPE in connection with the construction of the project in return for payment of the contract price.

12. Between approximately July 2016 and April 2018, inclusive, Morgan did furnish, deliver and provide certain labor, material and services in connection with the performance of the Sub-Subcontract. All of the labor, material and services furnished by Morgan were to be used and were actually used in connection with the Project.

13. Morgan has performed all of the work required under the Sub-Subcontract and has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms of the Sub-Subcontract, except as the same have been excused, waived and/or prevented by HJPE, Coburn and/or employees or agents of the same.

14. Throughout the Project, Morgan repeatedly encountered unforeseen underground site conditions causing Morgan to incur additional labor, materials, and expenses beyond the scope of the Sub-Subcontract for which it is entitled to be paid

additional amounts above and beyond the Sub-Subcontract price.

15. During the Project HJPE and/or Coburn, or their respective agents or employees, directed Morgan to perform additional work beyond the scope of the Sub-Subcontract for which it is entitled to be paid additional amounts above and beyond the Sub-Subcontract Price.

16. Morgan performed its work in accordance with all contractual requirements, including but not limited to any requirements to provide notice to HJPE and/or its employees or agents.

17. HJPE breached the Subcontract by refusing to pay Morgan in full for the labor, materials and services provided by Morgan. Morgan has suffered damages due to HJPE's non-payment in an amount to be proven at trial but not less than $100,000.

18. Morgan has been required to retain the services of an attorney to bring this suit and is entitled to an award of reasonable attorneys' fees incurred pursuant to, *inter alia*, the Sub-Subcontract and the revised Code of Washington § 4.84.330, in connection with prosecuting this action.

### SECOND CAUSE OF ACTION
### (Quantum Meruit Against HJPE)

19. Morgan repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 18, inclusive, as if said paragraphs were set forth hereat

in full.

20. In connection with the Project, Morgan supplied certain labor, materials, and services to Defendant HJPE upon Defendant HJPE's request and promise to pay the reasonable value thereof.

21. Morgan is entitled to be paid for the reasonable value of said labor, materials, and services furnished by Morgan at Defendant HJPE's request for which payment has not been received.

22. Morgan has suffered damages due to HJPE's non-payment in an amount to be proven at trial but not less than $100,000.

23. Morgan has been required to retain the services of an attorney to bring this suit and is entitled to an award of reasonable attorneys' fees incurred in bringing this suit, pursuant to, Washington law.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment Against HJPE)

24. Morgan repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 22, inclusive, as if said paragraphs were set forth hereat in full.

25. The labor, materials, and services furnished by Morgan were furnished to Defendant HJPE in furtherance of the Project. Morgan is informed and believes, and on that basis alleges that Defendant HJPE has billed for, has demanded payment

from, and has received payment from the Department of Veteran's Affairs for labor, materials, and services furnished by Morgan at the Project. Defendant HJPE has thereby been unjustly enriched at the expense of Morgan and to Morgan's detriment.

26. Defendant HJPE has been unjustly enriched in an amount to be proven at trial that is currently unknown but estimated to be in excess of one hundred thousand dollars ($100,000.00) plus interest thereon at the maximum rate allowed by law, and Morgan is entitled to recover such sums from Defendant HJPE.

27. Morgan has been required to retain the services of an attorney to bring this suit and is entitled to an award of reasonable attorneys' fees incurred pursuant to, *inter alia*, Washington law.

### FOURTH CAUSE OF ACTION
### (Miller Act Payment Bond – Nationwide)

28. Morgan repeats herein by this reference Paragraphs 1 through 26, inclusive, as if said paragraphs were set forth hereat in full.

29. Pursuant to an act of Congress known as the Miller Act and codified as §§ 3131, *et seq.*, of Title 40 of the United States Code, Coburn, as principal, and Nationwide, as surety, duly executed and delivered to the United States of America through its agents a Labor and Material/Payment Bond. Said Payment Bond was to assure payment of the claims of all persons supplying labor and materials in the prosecution of the work identified under the aforementioned Prime Contract.

30. Based upon the failure of HJPE to make payment as before-said, Morgan informed Nationwide of its claim and demanded payment thereof.

31. Nationwide has failed and refused to pay any part of said sum despite Morgan's demand.

32. By reason of the failure of Nationwide to pay Morgan as alleged hereinabove, Nationwide owes Morgan the sum to be proven at trial but not less than $100,000.00, and Morgan has suffered damages in no less than said sum.

33. One (1) year has not elapsed from the date upon which Morgan last furnished labor, materials or services to the Project.

### FIFTH CAUSE OF ACTION
### (Miller Act Payment Bond – Hartford)

34. Morgan repeats herein by this reference Paragraphs 1 through 30, inclusive, as if said paragraphs were set forth hereat in full.

35. Pursuant to an act of Congress known as the Miller Act and codified as §§ 3131, *et seq.*, of Title 40 of the United States Code, HJPE, as principal, and Hartford, as surety, duly executed and delivered to Coburn through its agents a Labor and Material/Payment Bond.  Said Payment Bond was to assure payment of the claims of all persons supplying labor and materials in the prosecution of the work identified under the aforementioned Sub-Contract.

36. Based upon the failure of HJPE to make payment as before-said,

Morgan informed Hartford of its claim and demanded payment thereof.

37. Hartford has failed and refused to pay any part of said sum despite Morgan's demand.

38. By reason of the failure of Hartford to pay Morgan as alleged hereinabove, Hartford owes Morgan the sum of no less than $100,000.00, and Morgan has suffered damages in no less than said sum.

39. One (1) year has not elapsed from the date upon which Morgan last furnished labor, materials or services to the Project.

## PRAYER FOR RELIEF

**WHEREFORE,** Morgan prays for judgment against Defendants as follows:

A. For the principal sum of in an amount to be proven at trial but not less than $100,000 together with interest thereon as allowed by law;

B. For reasonable attorneys' fees;

C. For costs of suit herein; and

D. For such other and further relief as the Court deems just and proper.

//

//

//

//

**DATED** this 25th day of September 2018.

                MINNICK•HAYNER, P.S.

By: /s/ David S. Grossman
DAVID S. GROSSMAN, WSBA# 18428
E-mail: grossman@minnickhayner.com

By: /s/ Robert R. King
ROBERT R. KING, WSBA #29309
E-mail: robert@minnickhayner.com

Of Attorneys for Plaintiff
249 West Alder Street
P. O. Box 1757
Walla Walla, Washington 99362
Telephone: (509) 527-3500

COMPLAINT – Page 10

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Morgan hereby demand a trial by a jury of not less than twelve (12) persons on all issues raised in this action.

**DATED** this 25th day of September 2018.

           MINNICK•HAYNER, P.S.

By:  /s/ David S. Grossman
       DAVID S. GROSSMAN, WSBA# 18428
       E-mail: grossman@minnickhayner.com

By:  /s/ Robert R. King
       ROBERT R. KING, WSBA #29309
       E-mail: robert@minnickhayner.com

Of Attorneys for Plaintiff
249 West Alder Street
P. O. Box 1757
Walla Walla, Washington 99362
Telephone: (509) 527-3500