FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>HARRY JOHNSON PLUMBING & EXCAVATION INC., COBURN CONTRACTORS LLC, HARTFORD FIRE INSURANCE COMPANY, and NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendants. | No. 4:18-CV-05158-SMJ<br><br>**ORDER ON MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants Harry Johnson Plumbing & Excavation, Inc. ("HJPE"), Coburn Contractors, LLC ("Coburn"), Hartford Fire Insurance Co., ("Hartford") and Nationwide Mutual Insurance Co.'s ("Nationwide") (collectively, "Defendants") Second Motion to Dismiss Pursuant to Fed R. Civ. P 12(b)(1) and 12(b)(6), and in the Alternative to Stay, ECF No. 22. Plaintiff Mark A. Morgan opposes the motion. ECF No. 25. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants in part the motion as to Defendant Coburn only.

ORDER ON MOTION TO DISMISS - 1

# BACKGROUND

On or about June 9, 2016, the United States of America (acting by and through the Department of Veterans Affairs) and Coburn entered into a written contract ("Contract"), whereby Coburn agreed to furnish certain labor and materials and perform certain work required in connection with the replacement of the water system at the Jonathan M. Wainwright VA Medical Center ("the Project"). ECF No. 19 at 4.

After the formation of the Contract, Coburn and HJPE entered into an agreement ("Subcontract"), whereby HJPE agreed to provide certain labor, materials, and services to Coburn in connection with the Project in return for partial payment of the contract price. *Id.* After the formation of the Subcontract, HJPE and Morgan entered into an agreement ("Sub-Subcontract") whereby Morgan agreed to provide certain labor, materials, and services to HJPE in connection with the Project in return for partial payment of the contract price. *Id.*

Throughout the Project, however, Morgan repeatedly encountered unforeseen underground site conditions, causing him to incur additional labor, materials, and expenses beyond the scope of the Sub-Subcontract. *Id.* at 5. Moreover, HJPE and/or Coburn, or their respective agents or employees, directed Morgan to perform additional work beyond the scope of the Sub-Subcontract. *Id.* at 5. Morgan performed his work in accordance with all contractual requirements, but HJPE

refused to pay Morgan in full for the labor, materials, and services provided.

On September 25, 2018, Morgan filed a complaint. ECF No. 1. On November 21, 2018, Morgan filed a second amended complaint. ECF No. 19. He alleged breach of contract, *quantum meruit*, and unjust enrichment against HJPE; Miller Act Payment Bond against Hartford;[1] and Payment Bond against Nationwide.[2] *Id.*

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere

---

[1] Hartford is Coburn's surety. ECF No. 19 at 8.
[2] Nationwide is HJPE's surety. *Id.* at 9.

possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). The Court accepts as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants move to dismiss the entire complaint, arguing that Morgan "fails to assert any claim against Coburn, does not plead the jurisdictional prerequisite for a claim against the Hartford bond, and pleads implied contract claims while asserting the existence of an express contract." ECF No. 22 at 3. They further argue that once the Miller Act claim—the basis for jurisdiction—is dismissed, any remaining claim must be dismissed for lack of jurisdiction under Rule 12(b)(1). *Id.* Alternatively, if the Court does not dismiss the complaint, Defendants request a stay. *Id.*

**A.    Miller Act claim**

Defendants argue that the Miller Act claim should be dismissed because the jurisdictional requisites of the Miller Act have not been met. *Id.* at 5–7. One requisite is that a plaintiff who does not have a direct contractual relationship with

ORDER ON MOTION TO DISMISS **-** 4

the general contractor must give written notice to the general contractor "within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." 40 U.S.C. § 3133(b)(2).

Here, because Morgan did not have a direct contractual relationship with Coburn, the general contractor, he was required to provide Coburn with written notice of his claim within ninety days of the last day of work on the Project. In the second amended complaint, Morgan alleged that "between approximately July 2016 and July 10, 2018, inclusive, Morgan did furnish, deliver and provide certain labor, materials, and services." ECF No. 19 at 5. Morgan also alleged that on June 7, 2018, he "gave written notice to Coburn of the claim on the payment bond within 90 days." *Id.* at 9.

Defendants argue that such pleading is insufficient and Morgan's failure to specifically state that he gave timely notice from the last day services were performed as part of the original contract is an indication that Morgan did not meet the requirement. ECF No. 22 at 7. The Court disagrees. Taking Morgan's factual allegations as true, he gave written notice and it appears to be timely because he gave notice prior to the last day that he provided labor. Whether or not he actually provided timely notice in accordance with law shall become apparent following factual discovery. Accordingly, the Court rejects Defendants' argument.

**1. Coburn**

Relatedly, Defendants argue that Coburn should be dismissed as a defendant because Morgan does not assert any cause of action against it.[3] *Id.* at 4. Morgan responds that he has the right to recover from Coburn (general contractor) and Hartford (surety) jointly and severally for Morgan's Miller Act claim against Hartford.[4] ECF No. 25 at 4; ECF No. 19. However, there is no dispute that Morgan did not in fact plead such a claim in the second amended complaint. In fact, joint and several liability does not appear even once in the second amended complaint. And the complaint notes that the Miller Act Payment Bond is claimed only against Hartford. Accordingly, the Court concludes that Morgan fails to state a claim

---

[3] Defendants further argue that Coburn should be dismissed because is not an indispensable party and that its presence would serve no purpose other than increasing the cost of litigation. ECF No. 22 at 5. While Defendants are certainly correct that Coburn is not an indispensable party, *see United States ex rel. Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1422 (9th Cir. 1995), that Coburn was in fact joined is not grounds for dismissal. And Defendants do not contend that Coburn was improperly joined.

[4] While the Ninth Circuit has not squarely held that a Miller Act plaintiff may recover from the general contractor and surety jointly, it has affirmed judgment in such a suit. *See United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 760 (9th Cir. 1984) (suit against general contractor, its sureties, and subcontractor). Other circuits agree that such suits are authorized. *See, e.g.*, *United States ex rel. Statham Instruments, Inc. v. W. Cas. & Sur. Co.*, 359 F.2d 521, 524 (6th Cir. 1966) ("The Miller Act grants to the plaintiff the right to recover from the principal or surety, or both, for work and material supplied."); *United States ex rel. Apex Roofing & Insulation, Inc. v. Union Indem. Ins. Co.*, 865 F.2d 1226, 1227 (11th Cir. 1989) (holding that a subcontractor could proceed against the contractor alone on a Miller Act claim).

against Coburn. Coburn is dismissed without prejudice.

**B.      Implied contract claims**

Defendants also argue that the implied contract claims against HPJE—*quantum meruit* and unjust enrichment—fail to state a claim for relief because Morgan simultaneously alleges that he entered into an express contract with HPJE. ECF No. 22 at 7. Under Washington law, they argue, a party may not bring an implied contract claim relating to the same subject matter as an express contract. *Id.* at 7–8 (citing *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (1943)).

However, after Morgan responded, Defendants replied in agreement that this argument would be more appropriate for the summary judgment stage. ECF No. 26 at 2. Accordingly, the Court considers this argument withdrawn.

**C.      Stay of proceedings**

Lastly, Defendants request a stay of proceedings if the Court denies the motion to dismiss so that a previously-filed parallel action may continue in state court. ECF No. 22 at 8. However, the Court notes that after Defendants filed their motion, the state court granted Morgan's motion to bifurcate and stay. ECF No. 25-1. The part of the state action relating to this lawsuit was stayed pending resolution in this Court. *Id.* Thus, there is no longer an active parallel action and "exceptional circumstances" do not exist for the Court to decline to exercise its jurisdiction. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) ("In

ORDER ON MOTION TO DISMISS **-** 7

exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). Consequently, Defendants' motion to stay is denied.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Second Motion to Dismiss Pursuant to Fed R. Civ. P 12(b)(1) and 12(b)(6), and in the Alternative to Stay, **ECF No. 22**, is **GRANTED IN PART**.

**2.** The Clerk's Office shall **DISMISS** Coburn as a defendant.

**3.** Morgan is granted leave to file a third amended complaint to cure any deficiencies relating to Coburn.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge