FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES for the use of MARK A. MORGAN, doing business as Morgan Industries Paving and Landscaping,<br><br>Plaintiff,<br><br>v.<br><br>HARRY JOHNSON PLUMBING & EXCAVATION INC., a Washington corporation; COBURN CONTRACTORS, LLC, an Alabama limited liability company, HARTFORD FIRE INSURANCE COMPANY, a Connecticut company; and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio company,<br><br>Defendants. | No. 4:18-cv-05158-SMJ<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendants Harry Johnson Plumbing & Excavation, Inc. ("HJPE"), Hartford Fire Insurance Company, ("Hartford") and Nationwide Mutual Insurance Company's ("Nationwide") (collectively, "Defendants") Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, ECF No. 56. Plaintiff Mark A. Morgan, doing business as Morgan

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT – 1

Industries Paving and Landscaping, opposes the motion. ECF No. 60. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

**BACKGROUND**

Plaintiff alleges that in 2016, the United States of America, through the Department of Veterans Affairs and Coburn Contractors, LLC ("Coburn"), entered into a written contract, whereby Coburn agreed to furnish certain labor and materials and perform certain work in connection with the replacement of the water system at the Jonathan M. Wainwright VA Medical Center ("VA Medical Center Project"). ECF No. 19 at 4. Coburn, as principle and Hartford, as surety, executed and delivered a Labor and Material Payment Bond to assure payment of the claims of all persons supplying labor and materials in connection with this contract, as required by the Miller Act. *Id.* at 8.

Coburn then entered into a subcontract with HJPE in which HJPE agreed to provide certain labor, materials, and services to Coburn in connection with the VA Medical Center Project. *Id.* at 4. HJPE then entered into a sub-subcontract with Plaintiff, whereby Plaintiff agreed to provide certain labor, materials, and services to HJPE in connection with the VA Medical Center Project. *Id.*

The parties dispute exactly when Plaintiff's work on the VA Medical Center Project was substantially completed under the contract terms and also when it was

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT – 2

entirely completed. Defendants assert Plaintiff stopped its work on the VA Medical Center Project in March 2017, at which time Plaintiff ceased operating the sole proprietorship and established a limited liability corporation, M Industries, LLC, which performed the subsequent work under the contract. ECF No. 56 at 5. Defendants also assert Plaintiff did not assign the sub-subcontract to M Industries, LLC. *Id.* Plaintiff does not argue that the contract was ever assigned from Mark A. Morgan to M Industries, LLC but argues M Industries, LLC is a continuation of Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping. ECF No. 60 at 5. Plaintiff asserts this continuation renders these claims timely under the Miller Act and the contract terms. *Id.*

Throughout the work on the VA Medical Center Project, Plaintiff allegedly encountered frequent unforeseen underground site conditions that required labor, materials, and expenses beyond the scope of the sub-subcontract. ECF No. 19 at 5. HJPE and Coburn also allegedly directed Plaintiff to perform additional work beyond the scope of the sub-subcontract. *Id.* Plaintiff asserts HJPE refused to pay Plaintiff in full for the labor, materials, and services provided. *Id.* Plaintiff allegedly gave notice to Coburn and Hartford of its claim to payment on the bond under the Miller Act but that Coburn and Hartford refused to pay any part of that amount. *Id.* at 8–9.

On September 25, 2018, Morgan filed a complaint. ECF No. 1. On

November 21, 2018, Morgan filed a second amended complaint naming Defendants and Coburn. ECF No. 19. Plaintiff asserts claims for breach of contract, quantum meruit, and unjust enrichment against HJPE; Miller Act Payment Bond against Hartford as surety for Coburn; and Payment Bond against Nationwide as surety for HJPE. *Id.* On January 3, 2019, the Court dismissed Coburn as a defendant because Plaintiff did not assert any cause of action against Coburn. ECF No. 27. Defendants now move for summary judgment. ECF No. 56.

## LEGAL STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

The court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And the court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support th[at party's case].'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would have the burden of proof at trial, the court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

**DISCUSSION**

Defendants move for summary judgment on Plaintiff's claim under the Miller Act, which protects subcontractors supplying materials or labor for federal projects, and on Plaintiff's breach of contract and implied contract claims. ECF No. 56 at 2–3. Defendants argue that Plaintiff failed to satisfy mandatory statutory requirements under the Miller Act, that Plaintiff failed to commence suit for state

law claims within 90 days of when the work was substantially complete as required by the subcontract, and that Plaintiff may not assert implied contract claims because Plaintiff had an express contract with HJPE. *Id.*

Defendants' first two assertions are grounded in Defendants' claim that in March 2017, Plaintiff ceased operation of the sole proprietorship, Morgan Industries Paving and Landscaping, and began operating the limited liability corporation M Industries, LLC. *Id.* at 2–3. Plaintiff asserts that M Industries, LLC was a continuation of Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping under Washington Law. ECF No. 60 at 4. Plaintiff argues that M Industries, LLC's continued work on the VA Medical Center Project, with HJPE's knowledge of the change, through July 2018 establishes a that Plaintiff has met the time limitations under both the Miller Act and the breach of contract claims. *Id.* at 5–8.

**A.    Plaintiff has not met the contractual time requirements to bring a breach of contract claim and cannot bring implied contract claims because there is an express contract.**

Plaintiff brings a claim for breach of contract, unjust enrichment, and quantum meruit against HJPE. Defendants argue Plaintiff's breach of contract claim is untimely pursuant to time limitations set forth in the contract and that Plaintiff cannot bring implied contract claims because the parties had an express contract. ECF No. 56 at 3. In response, Plaintiff does not argue that the implied contract

claims can survive and puts forth only one argument as to why the breach of contract claim is timely. ECF No. 60 at 8. Specifically, Plaintiff argues that because Morgan Industries Paving and Landscaping's work continued through July 2018, the September 2018 filing of this suit was timely. *Id.*

Summary judgment on a contract claim is proper "if the written contract, viewed in light of the parties' objective manifestations, has only one reasonable meaning." *Wm. Dickson Co. v. Pierce County*, 116 P.3d 409, 413 (Wash. Ct. App. 2005). "Washington follows the objective manifestation theory of contract interpretation, under which courts attempt to ascertain the intent of the parties 'by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties.'" *William G. Hulbert, Jr. and Clare Mumford Hulbert Revocable Living Trust v. Port of Everett*, 245 P.3d 779, 784 (Wash. Ct. App. 2011) (quoting *Hearst Comm'ns, Inc. v. Seattle Times*, 115 P.3d 262, 267 (Wash. 2005)). "Interpretations giving lawful effect to all the provisions in a contract are favored over those that render some of the language meaningless or ineffective." *Grey v. Leach*, 244 P.3d 970 (Wash. Ct. App. 2010).

The contract states, "Subcontractor must file and serve a Summons and Complaint, Counterclaim or Third-Party Complaint (or demand for arbitration when applicable) against Contractor within 90 days of Substantial Completion. Actions for nonpayment of retainage must be filed and served within 45 days after

payment by Owner to Contractor or within 90 days after Substantial Completion, whichever is longer. Compliance with the obligations in this paragraph is an absolute condition precedent to maintaining an action in arbitration or court." ECF No. 56-3 at 45. Substantial completion is defined as "the state of completion when the improvement upon real property may be used or occupied for its intended use." *Id.* at 32.

Plaintiff argues that the evidence of continued performance under the contract through July 11, 2018 "precludes a finding of 'Substantial Completion' as defined in the second-tier subcontract." ECF No. 60-1 at 3. However, the operative question according to the plain language of the contract is not whether the work was entirely complete and no additional work was needed, but rather whether the improvement could be used or occupied for its intended use. *See* ECF No. 56-3 at 32. Indeed, Defendants correctly note that the contract terms reference anticipated additional work after substantial completion and before final completion. *See* ECF No. 63 at 11 (citing ECF No. 56-3 at 45).

Defendants point to evidence, in the form of Plaintiff's own expert reports, that work was substantially complete in late January 2018. ECF No. 56-1 at 4 (citing ECF No. 52-2 at 18); ECF No. 63 at 10 (citing ECF No. 61-3 at 19). The evidence Plaintiff cites to shows nothing more than that *some* work was completed after January 2018. ECF No. 60-1 at 3 (citing payroll from March 2018 and July 2018).

Plaintiff provides no evidence of an alternative substantial completion date. Plaintiff also fails to articulate a legal argument concerning why evidence of *some* work completed after January 2018 supports a finding of a later date of substantial completion, particularly given that the contract explicitly contemplated *some* work after substantial completion. Plaintiff has accordingly failed to provide "significant probative evidence tending to support" Plaintiff's case. *See Fazio*, 125 F.3d at 1331. As such, the Court finds that the date of substantial completion could not have been later than January 2018 and Plaintiff's September 2018 filing of this action for breach of contract was not timely under the plain language of the contract.[1]

Plaintiff's claims for unjust enrichment and quantum meruit are implied contract claims. A party to a valid express contract is bound by the provisions of that contract and may not bring an action on an implied contract related to the same matter in contravention of that express contract. *Chandler v. Washington Toll Bridge Auth.*, 137 P.2d 97 (1943). As such, summary judgment in favor of HPJE is granted as to these claims.

**B.  Plaintiff may not bring claims for work performed by M Industries, LLC under the Miller Act**

---

[1] Because the Court finds that the substantial completion date could not have been later than January 2018, the Court does not address the effect of performance by M Industries, LLC, rather than Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping, after March 2017.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT – 9

Plaintiff has one claim under the Miller Act against Hartford as Coburn's surety. ECF No. 19 at 8–9. Defendant argues Plaintiff has no legal basis to bring a Miller Act claim because the Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping ceased performance in March 2017, after which performance was completed by M Industries, LLC d/b/a Morgan Industries Paving and Landscaping. ECF No. 56 at 9–10. Plaintiff argues M Industries, LLC is a continuation of Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping, and as such, continued work by M Industries, LLC through July 2018 makes the notice and filing timely. ECF No. 60 at 7.

The Miller Act's purpose is "to protect persons supplying materials and labor for federal projects, and it is to be construed liberally in their favor to effectuate this purpose." *Avanti Constructors, Inc.*, 750 F.2d at 761. "[I]t is well-established that 'the obligation of a surety on a bond furnished under the Miller Act must be determined by federal law.'" *United States ex rel. IBM v. Hartford Fire Ins. Co.*, 112 F. Supp. 2d 1023, 1030 (D. Haw. 2000) (quoting *American Auto Insurance Co. v. United States ex rel. Luce*, 269 F.2d 406, 408 (1st Cir. 1959)).

To establish a prima facie case under the Miller Act, 40 U.S.C. § 3131 *et seq.*, a labor or material supplier must allege and prove (1) the labor or materials were supplied in prosecution of the work provided in the contract; (2) the supplier has not been paid; (3) the supplier has a good faith belief that the labor or materials were

intended for the specified work; and (4) the jurisdictional requisites have been met. *United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984).

The jurisdictional requirement refers to meeting the statute's time limitations on notice and filing. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters.*, 74 F.3d 972, 975 (9th Cir. 1996) (finding Miller Act jurisdictional requirements met by timely notice and filing). Specifically, if the claimant does not have a direct contractual relationship with the contractor furnishing the bond, then the claimant must give written notice to the contractor within ninety days "from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." 40 U.S.C. § 3133(b)(2). The case also must be brought "no later than one year after the day on which the last of the labor was performed of material was supplied by the person bringing the action." *Id.* § 3133(b)(4).

Defendants argue Plaintiff has not met the fourth jurisdictional requirement for a Miller Act Claim. Plaintiff argues summary judgment is inappropriate because it is "disputed that in March 2017, Morgan ceased operations on the project," and this factual controversy requires decision by a jury. ECF No. 60 at 5. Contrary to Plaintiff's argument, the issue of whether continued work by *M Industries, LLC*, rather than by Plaintiff *Mark A. Morgan d/b/a Morgan Industries Paving and*

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT – 11

*Landscaping*, is sufficient to meet the limitations imposed by the statute is a legal issue, not a factual dispute. As such, resolution is appropriate on a motion for summary judgment.

Further, the only evidence Plaintiff points to in support of this assertion are payroll reports and timecards from April and July 2018 under the name Morgan Industries Paving and Landscaping and Morgan Ind. Paving, Excavation, and Landscaping. ECF No. 60-1 at 3. M Industries, LLC's license became effective March 10, 2017. ECF No. 56-3 at 4. Plaintiff also canceled the license for the sole proprietorship, Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping, in March of 2017. *Id.* In a deposition Plaintiff also stated that in March 2017, Morgan Industries Paving and Landscaping became a d/b/a of M Industries, LLC. *Id.* at 14. Plaintiff presents no evidence to dispute these facts, only arguing that M Industries, LLC was a continuation of Mark A. Morgan's sole proprietorship. ECF No. 60 at 4-5. However, Plaintiff relies on a case applying an exception to the general rule under Washington law that a corporation purchasing the assets of another corporation does not become liable for the debts and liabilities of the selling corporation. *See id.* (citing *Columbia State Bank v. Invicta Law Grp. PLLC*, 402 P.3d 330, 338 (Wash. Ct. App. 2017)). This rule is to protect bona fide purchasers who lack notice of claims against the property, and the exception is to hold liable purchasers that "are merely a new hat for the seller." *Columbia State Bank*, 402

P.3d at 320. Neither this case nor the cases on which it relies support the premise that a successor enterprise retains the potential legal claims of the prior entity. As such Plaintiff, a distinct legal entity from M Industries, LLC, has not shown it can bring suit for work performed by M Industries, LLC.

Plaintiff also notes that "Miller Act case law on equitable tolling of the statute of limitations may be instructive." ECF No. 60 at 6. "In order to assert successfully the doctrine of equitable estoppel, a plaintiff must show that the defendant's conduct was so misleading as to have caused the plaintiff's failure to file suit." *Atkins v. Union Pac. R. Co.*, 753 F.2d 776, 777 (9th Cir. 1985)); *see also United States ex rel. EC Power Sys. Elec. Contsr. Co. v. Ins. Co. of the State of Pa.*, Case No. C15-5326 BHS, 2016 WL 1436136, at *5 (W.D. Wash. Apr. 12, 2016). Plaintiff argues that "HJPE is well aware that Morgan continued operations on the project to the benefit of both Morgan and HJPE" and that "it is contradictory for HJPE to on one hand accept the benefit of the labor from Morgan after the entity transition and then to assert that Morgan did not work on the project after March 2017." *Id.* Plaintiff has presented no evidence of HJPE engaging in misleading conduct, no less evidence of how such conduct resulted in Plaintiff failing to file suit. For example, Plaintiff does not present any evidence of when HJPE became aware that M Industries, LLC rather than Plaintiff, was performing under the contract. As such, Plaintiff has not shown that equitable estoppel should apply.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT – 13

It is neither clear why Plaintiff did not attempt to assign the contract to M Industries, LLC after canceling the license for the sole proprietorship nor why this action was filed solely under the name of Plaintiff's sole proprietorship that ceased operations in March 2017. It is clear, however, that Plaintiff Mark A. Morgan d/b/a Morgan Industries Paving and Landscaping ceased operations in March 2017 and cannot meet the Miller Act's limitations period based on the time of notice and filing. As such, Plaintiffs Miller Act claim must be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment Pursuant to Fed. R. 56, **ECF No. 56**, is **GRANTED**.

2. Plaintiff's claims for breach of contract against HJPE, quantum meruit against HJPE, unjust enrichment against HJPE, and under the Miller Act against Hartford are **DISMISSED WITH PREJUDICE**.

3. The Clerk's Office is **DIRECTED** to enter judgment in favor of Defendants HJPE and Hartford.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge